## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-515 RHH |
| | ) | |
| CRAIG A. GLATCZAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the review of the amended complaint filed by self-represented plaintiff Tyrone Payne, an inmate at the Potosi Correctional Center ("PCC"). ECF No. 7. For the reasons discussed below, the Court will direct the Clerk to effect service of process as to the excessive force claims against defendants Craig A. Glatczak and Charles Carver in their individual capacities. The Court will dismiss the official capacity claims against them for failure to state a claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On April 8, 2024, plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging defendant correctional officers, Craig A. Glatczak and Charles Carver, violated his constitutional rights by using excessive force. ECF No. 1. He sued them in their official capacities only. *Id.* at 2-3.

Plaintiff alleged, on May 6, 2023, a non-defendant officer placed his left wrist in such a tight restraint that it "caused [him] to snatch away from her." *Id.* at 4. Due to his reaction, other unnamed non-defendant officers tackled plaintiff to the ground and handcuffed him. *Id.*

2

Defendants Glatczak and Carver escorted plaintiff to Housing Unit 1. *Id.* During the escort, plaintiff alleges Carver "was pulling on [his] fingers," which caused him pain. *Id.* Plaintiff asked Glatczak to tell Carver to stop, and Glatczak allegedly responded "with a[n] open hand smack" to the face. *Id.* Soon after, Carver and Glatczak "stopped [him] at a trash can" and "bent [him] over the trash can." *Id.* Carver then "placed his hand on the back of [plaintiff's] head an[d] smashed [his] face into the gate of the trash can causing [his] two front teeth to be broken in half." *Id.* Plaintiff sought monetary relief in the total amount of $500,000. *Id.* at 5.

On April 10, 2024, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and determined the official capacity claims against defendants were subject to dismissal for failure to state a claim. ECF No. 6. The Court explained the official capacity claims were really against the defendants' employer, the Missouri Department of Corrections, which is a state agency of the State of Missouri. Such claims were barred because a state is not a "person" for purposes of § 1983 and the Eleventh Amendment bars suits against state officials acting in their official capacity. However, in consideration of plaintiff's self-represented status, the Court provided him with the opportunity to file an amended complaint.

**Amended Complaint**

Plaintiff timely filed an amended complaint against defendant officers Glatczak and Carver in both their official and individual capacities. ECF No. 7. He states, on May 6, 2023, he was placed in wrist restraints by a non-defendant female officer "for trying to kiss her." *Id.* at 4. Plaintiff states she accused him of elbowing her in the face before the restraints were secure. *Id.* Two non-defendant officers reported to the scene and one of the officers allegedly took "swings" at plaintiff. *Id.*

3

Defendant officers Glatczak and Carver arrived at the scene to escort plaintiff out of the housing unit. *Id.* Plaintiff alleges Carver "started twisting [his] fingers an[d] cuffs causing [him] serious pain" and the inability to walk in a straight line. *Id.* Upon asking Carver to stop, Glatczak hit him. *Id.* He was then "told to lean [his] face against a trash can" and Carver "pushed [his] face against the trash can causing [his] front two teeth to break in half." *Id.* Before placing plaintiff into a cell, he claims he was "slam[m]ed two more times." *Id.* Along with his broken teeth, plaintiff states he sustained two black eyes from the incident. *Id.*

For relief, plaintiff seeks a total of $500,000 in monetary damages. *Id.* at 5.

## Discussion

### A. Official Capacity Claims

Plaintiff sues defendants Glatczak and Carver in their official capacities. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); and *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is

4

not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment[1] bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). *See also Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

Here, plaintiff alleges defendants Glatczak and Carver are employed at the Potosi Correctional Center in Mineral Point, Missouri. The PCC is part of the Missouri Department of Corrections, which is a state agency of the State of Missouri. As noted above, plaintiff's official capacity claim against defendants are really claims against their employer. Accordingly, plaintiff's official capacity claims for monetary damages are claims against the State of Missouri. Such claims are barred because a state is not a "person" for purposes of § 1983, and because the Eleventh Amendment bars suits against state officials acting in their official capacity.

Thus, liberally construing the complaint, plaintiff's allegations against all defendants in their official capacities must be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

**B. Individual Capacity Claims**

Plaintiff states he is a convicted and sentenced state prisoner. ECF No. 7 at 2.  As such, his excessive force claims are governed by the Eighth Amendment. *See Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration,

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).

Here, plaintiff plausibly alleges that defendants Glatczak and Carver used excessive physical force against him. He indicates he was retrained in handcuffs when defendants twisted his fingers, hit him, and pushed his face into a trash can with so much force plaintiff's teeth broke and he sustained two black eyes. For purposes of preservice review, the Court must accept as true all of plaintiff's factual allegations and afford him "all reasonable inferences that can be drawn from those allegations." *See Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014); *Dadd v. Anoka Cty.*, 827 F.3d 749, 754 (8th Cir. 2016). The Court finds that plaintiff has alleged enough facts in his complaint to survive initial review as to his claims for excessive force in violation of the Eighth Amendment against defendants Glatczak and Carver in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against all defendants brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Correctional Officers Craig A. Glatczak and Charles Carver in their individual capacities for plaintiff's claims of excessive force.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

A separate order of partial dismissal will be filed herewith.

Dated this 24th day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES MAGISTRATE JUDGE